IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01920-REB-MJW

THE VILLAS TOWNHOUSE ASSOCIATION
a/k/a VILLAS WEST TOWNHOUSE ASSOCIATION (VTA), and
JOHN DOE AND JANE DOE as intended beneficiaries,

Plaintiff(s),

v.

AMERICAN FAMILY GROUP
d/b/a AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant(s).

---

## ORDER REGARDING
## PLAINTIFF'S MOTION TO COMPEL PRODUCTION AND TO SCHEDULE DEPOSITIONS (DOCKET NO. 57)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Compel Production and to Schedule Depositions (docket no. 57). The court has reviewed the subject motion (docket no. 57) and the response (docket no. 74). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party' . . . may be constrained where the court determines that the desired discovery is unreasonable or unduly

3

burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Simpson v. University of Colo., 220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil Procedure permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Id. See Fed. R. Civ. P. 26(b) and (c);

5. That as to the portion of the subject motion that seeks an Order from the court to allow Plaintiff to take the deposition of Defendant's claims adjuster Harold Miller and Defendant's designated corporate representative pursuant to Fed. R. Civ. P. 30(b)(6), such portion of the subject motion (docket no. 57) is MOOT and therefore DENIED since this court is allowing Plaintiff to take the deposition of Defendant's claims adjuster Harold Miller and Defendant's designated corporate representative pursuant to Fed. R. Civ. P. 30(b)(6). See record in court (docket no. 71);

6. That as to Plaintiff's request for production ("RFP") No. 2, the Defendant objects to RFP No. 2 as being overly broad, unduly burdensome, and/or protected from disclosure because of confidentiality, trade secrets, attorney-client privilege, and/or work product privilege. Defendant also states in RFP No. 2 that American Family's adjusters did not refer to any specific materials

4

when evaluating Plaintiff's claims other than the policy itself. I find the Defendant's laundry list of objections listed above should be overruled. Defendant shall fully respond to RFP No. 2;

7. That as to Plaintiff's RFP No. 3, the Defendant objects to RFP No. 3 as being irrelevant, overly broad, unduly burdensome, and/or protected from disclosure because of confidentiality, trade secrets, and privacy interests. I find that the information is relevant on the issue of bad faith but that the request is overly broad as written and would be unduly burdensome since it is not limited geographically and seeks information over five years. I find that Plaintiff should receive information requested in RFP No. 3 for a three-year period of time instead of a five-year period of time from January 1, 2010, through December 31, 2012, inclusive, noting that the claimed loss to the roof took place on December 5, 2011. See paragraph 10 in the Complaint (docket no. 1-6). Furthermore, I find that the geographic area that should cover RFP No. 3 should be limited to the states of Colorado, Wyoming, Utah, New Mexico, Kansas, and Oklahoma;

8. That as to Plaintiff's RFPs Nos. 4 and 5, the Defendant objects to RFPs Nos. 4 and 5 as being irrelevant, overly broad, unduly burdensome, and/or protected from disclosure because of confidentiality, trade secrets, and privacy interests. I find that the Defendant's objections listed above as to RFPs Nos. 4 and 5 are

sustained;

9. That as to Plaintiff's RFP No. 7, the Defendant objects to RFP No. 7 as being irrelevant, vague, overly broad, unduly burdensome, and/or protected from disclosure because of confidentiality, proprietary information, and trade secrets. I find that the information is relevant to issues before this court. I find that Plaintiff should receive information requested in RFP No. 7 *except* for the business plans from January 1, 2010, through December 31, 2012, inclusive, noting that the claimed loss to the roof took place on December 5, 2011. See paragraph 10 in the Complaint (docket no. 1-6). See also Leidholt v. District Court in and for City and County of Denver, 619 P.2d 768, 771 (Colo. 1980). Furthermore, I find that the geographic area that should cover RFP No. 7 should be limited to the states of Colorado, Wyoming, Utah, New Mexico, Kansas, and Oklahoma; and

10. That as to Plaintiff's RFP No. 8, the Defendant objects to RFP No. 8 as being irrelevant, overly broad, unduly burdensome, and/or protected from disclosure because of confidentiality, proprietary information, privacy interests, and trade secrets. I find that Defendant's objections as stated above are sustained.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this

court **ORDERS**:

1. That Plaintiff's Motion to Compel Production and to Schedule Depositions (docket no. 57) is **GRANTED IN PART AND DENIED IN PART**:

    a. The subject motion (docket no. 57) is GRANTED:

    (1) As to Plaintiff RFP No. 2;

    (2) As to Plaintiff RFP No. 3. However, Defendant shall provide Plaintiff with the information requested in RFP No. 3 only for the time frame of January 1, 2010, through December 31, 2012, inclusive, and the geographic area that should cover RFP. No. 3 should be limited to the states of Colorado, Wyoming, Utah, New Mexico, Kansas, and Oklahoma; and

    (3) As to Plaintiff RFP No. 7. However, Defendant shall provide Plaintiff with the information requested in RFP No. 7 except for the business plans from January 1, 2010, through December 31, 2012, inclusive, and the geographic area that should cover RFP. No. 7 should be limited to the states of Colorado, Wyoming, Utah, New Mexico, Kansas, and

7

Oklahoma;

    b.    Defendant shall provide Plaintiff with the items in subsection (a) above on or before May 6, 2014; and

    c.    The subject motion (docket no. 57) is DENIED as MOOT as to the portion of the subject motion (docket no. 57) that seeks an Order from the Court allowing Plaintiff to take the deposition of Defendant's claims adjuster Harold Miller and Defendant's designated corporate representative pursuant to Fed. R. Civ. P. 30(b)(6).  This Court is already allowing these depositions to take place.  See record in court (docket no. 71.  In addition, the subject motion (docket no. 57) is also DENIED as to Plaintiff's RFPs Nos. 4, 5, and 8; and

2.    That each party shall pay their own attorney fees and costs for this motion.

Done this 22nd day of April 2014.

                      BY THE COURT

                      s/Michael J. Watanabe
                      MICHAEL J. WATANABE
                      U.S. MAGISTRATE JUDGE