IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01920-REB-MJW

THE VILLAS TOWNHOUSE ASSOCIATION
a/k/a VILLAS WEST TOWNHOUSE ASSOCIATION (VTA), and
JOHN DOE AND JANE DOE as intended beneficiaries,

Plaintiff(s),

v.

AMERICAN FAMILY GROUP
d/b/a AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant(s).

---

**ORDER REGARDING
DEFENDANT AMERICAN FAMILY MUTUAL INSURANCE COMPANY'S MOTION
FOR PROTECTIVE ORDER REGARDING FED. R. CIV. P. 30(B)(6) DEPOSITION OF
AMERICAN FAMILY (DOCKET NO. 72)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant American Family Mutual Insurance Company's Motion for Protective Order Regarding Fed. R. Civ. P. 30(b)(6) Deposition of American Family (docket no. 72). The court has reviewed the subject motion (docket no. 72) and the response (docket no. 75). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

2

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Defendant contends in the subject motion (docket no. 72) that a protective order should be issued by this court because Plaintiff's Fed. R. Civ. P. 30(b)(6) Notice and disputed Topics 1-15, inclusive, are so broad in scope as to provide Defendant with little to no meaningful guidance on what testimony is desired, so that Defendant is unable to determine appropriate designees for those disputed Topics, much less prepare witnesses for depositions. In addition, any reasonably thorough inquiry into the proposed disputed Topics would require not just numerous company representatives, but also days - not hours - to complete. Accordingly, Defendant argues that the Notice is per se unreasonable and overly burdensome under EEOC v. Vail Corp., 2008 WL 5104811, *1 (D. Colo. Dec. 3, 2008) (finding estimates that deposition testimony would span far more than the allotted seven hours "supports the contention that the proposed Rule

3

30(b)(6) deposition is both unduly broad and burdensome" and granting protective order). Further, Defendant argues that the burden and expense to Defendant to produce a person knowledgeable on these disputed Topics greatly exceeds any benefit that could be derived therefrom, especially since the information may be sought through other means that would be far more convenient, less burdensome, and less expensive. Accordingly, Defendant requests that this court enter a protective order not allowing Plaintiff to inquire into Topics 1-15, inclusive, during the Rule 30(b)(6) deposition and not requiring Defendant to provide to Plaintiffs documents sought through the Plaintiff's Notice;

5. That Plaintiff contends that the disputed Topics 1-15, inclusive, of inquiry attached to their Fed. R. Civ. P. 30(b)(6) Notice are relevant to their statutory bad faith claim based on Defendant's violation of §§10-3-1115 and 1116, C.R.S., and their common law bad faith claim based on Defendant's breach of the implied duty of good faith and fair dealing, and such disputed Topics are reasonably limited in scope and duration. Plaintiff further contends that the Notice and disputed Topics do not subject Defendant to an "impossible task" in terms of identifying the outer limits of the areas of inquiry noticed and designating a representative in compliance with the Notice. Accordingly, Plaintiff requests that this court deny Defendant's the subject motion (docket no. 72);

4

6. That as to Topic #1, the Defendant objects to Topic #1 as being overly broad, unduly burdensome, and seeks irrelevant information. Defendant further argues that Topic #1 seeks information not reasonably calculated to lead to the discovery of admissible evidence. I find Defendant's objections to Topic #1 are **overruled**. See Jeffryes v. Harford Life & Acc. Ins. Co., 2006 WL 1186493 (D. Colo. May 4, 2006). Also, I find that Plaintiff has narrowed Topic #1 as outlined in Plaintiff's Response (docket no. 75) at page 7 to only those portions of the Policy that are at issue in this case, including sections on coverage, exclusions, and the terms and conditions for obtaining the Replacement Cost Value ("RCV") payment in the event of a hail loss;

7. That as to Topic #2, the Defendant objects to Topic #2 as being overly broad, unduly burdensome, and seeks irrelevant information. I find that Defendant's Objections to Topic #2 are **overruled**. Defendant has asserted a defense in this case that the sheathing is not covered as a result of the Policy's "wear and tear exclusion" because the sheathing was deteriorated prior to the Loss and was not directly damaged by hail. Further, Topic #2 is narrowly confined to the results of Defendant's inspection of the insured premises;

8. That as to Topic #3, the Defendant objects to Topic #3 as being

overly broad in temporal scope, unduly burdensome, seeks confidential information, and is not stated with reasonable particularity. Defendant further argues that Topic #3 seeks irrelevant information and is vague and ambiguous. Lastly, Defendant argues that Topic #3 should be restricted to Defendant's handling policies and procedures that were effective during the relevant claims handling period which is from December 5, 2011, until the lawsuit was filed on June 25, 2013. I find that Defendant's Objections to Topic #3 are **overruled**, however, the time period should be limited to January 1, 2010, through December 31, 2012, inclusive. See Jeffryes, *supra*;

9. That as to Topic #4, the Defendant objects to Topic #4 as being overly broad in temporal scope, unduly burdensome, seeks confidential information, and is not stated with reasonable particularity. Defendant further argues that Topic #4 seeks irrelevant information and is vague and ambiguous. Lastly, Defendant argues that Topic #4 should be restricted to Defendant's handling policies and procedures that were effective during the relevant claims handling period which is from December 5, 2011, until the lawsuit was filed on June 25, 2013. I find that Defendant's Objections to Topic #4 are **overruled**, however, the time period should be limited to January 1, 2010, through December 31, 2012,

inclusive. See Jeffryes, *supra*;

10. That as to Topic #5, the Defendant objects to Topic #5 as being overly broad in temporal scope, unduly burdensome, seeks confidential information, contains compound and multiple subparts, is not reasonably calculated to lead to the discovery of admissible evidence, and the information requested is not relevant to Plaintiff's claims, and Plaintiff cannot demonstrate a compelling need for this information. Defendant further argues that Topic #5 should be stricken in its entirety. I find Defendant's Objections to Topic #5 are **overruled.** The requested testimony in Topic #5 is relevant to the statutory and common law bad faith claims and are also relevant as to impeachment. See Porter v. Farmers Ins. Co., 2011 WL 1566018 (N.D. Okla. Apr. 25, 2011). However, the time period should be limited to January 1, 2010, through December 31, 2012;

11. That as to Topic #6, the Defendant objects to Topic #6 as being overly broad in temporal scope, geographically, and in types of material sought, is overly broad in time frame of five years, unduly burdensome, seeks irrelevant information and is vague and ambiguous, contains compound and multiple subparts, is not reasonably calculated to lead to the discovery of admissible evidence, and the information requested is not relevant to Plaintiff's claims. Defendant further argues that Topic #6 should be stricken in its entirety. I find that Defendant's Objections to Topic #6 are

7

**overruled**. The requested testimony in Topic #6 is relevant concerning the mechanisms by which Defendant monitors and implements programs designed to reduce or to limit payments of claims. See Lillibridge v. Nautilus Ins. Co., 2013 WL 1896825 (D.S.D. May 3, 2013). However, the time period should be limited to January 1, 2010, through December 31, 2012;

12. That as to Topic #7, the Defendant objects to Topic #7 as being overly broad in temporal scope, geographically, and in types of material sought, is overly broad in time frame of five years, unduly burdensome, seeks irrelevant information and is vague and ambiguous, contains compound and multiple subparts, is not reasonably calculated to lead to the discovery of admissible evidence, and the information requested is not relevant to Plaintiff's claims. Defendant further argues that Topic #7 should be stricken in its entirety. I find that Defendant's Objections to Topic #7 are **overruled**. The testimony being sought in Topic #7 is relevant on the issues of: (1) whether the financial rewards programs designed to lower Defendant's combined ratio improperly motivated Defendant's adjusters to deny claims without a good faith basis for doing so; (2) whether Mr. Miller's opinions as outlined in docket no. 57, exhibit D, are correct or in error; and (3) whether Defendant's conduct in handling the Plaintiffs' claim was reasonable under the

8

Colorado Unfair Practices Act. See § 10-3-1104(h)(II)(III), C.R.S. However, the time period should be limited to January 1, 2010, through December 31, 2012;

13. That as to Topic #8, the Defendant objects to Topic #8 as being overly broad in temporal scope, geographically, and in types of material sought, is overly broad in time frame of five years, unduly burdensome, seeks irrelevant information and is vague and ambiguous, contains compound and multiple subparts, is not reasonably calculated to lead to the discovery of admissible evidence, and the information requested is not relevant to Plaintiff's claims. Further, Defendant argues that Plaintiff cannot demonstrate a compelling need for this information. Lastly, Defendant argues that Topic #8 should be stricken in its entirety. I find that Defendant's Objections to Topic #8 are **overruled**. See Eberlein v. Provident Life & Acc. Ins. Co., No. 06-cv-02454-PAB-MJW, 2009 WL 353516 (D. Colo. Feb. 12, 2009) (finding that, for bad faith cause of action, an insurer's pattern of conduct as evidenced by market conduct reports was relevant to the question of how the defendant acted in a particular case). However, the time period should be limited to January 1, 2010, through December 31, 2012;

14. That as to Topic #9, the Defendant objects to Topic #9 as being overly broad, unduly burdensome, seeks information which is

9

private and confidential, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is not relevant to Plaintiff's claims. Defendant further argues that Topic #9 should be stricken in its entirety. I find that Defendant's Objections to Topic #9 are **overruled**. See Vining v. Enterprise Fin. Group, Inc., 148 F.3d 1206, 1218 (10th Cir. 1998) (finding that "a pervasive consistent pattern" of conduct is clearly relevant as habit evidence under Federal Rule of Evidence 406);

15. That as to Topic #10, the Defendant objects to Topic #10 as being overly broad in temporal scope, geographically, and in types of material sought, unduly burdensome, seeks irrelevant information, is vague and ambiguous, and the information requested has no geographical limitation. Lastly, Defendant argues that Topic #10 should be stricken in its entirety. I find that Defendant's Objections to Topic 10 are **overruled**. However, the time period for Topic #10 should be limited to January 1, 2010, through December 31, 2012, and the geographical area for Topic #10 should be limited to the states of Colorado, Wyoming, Utah, New Mexico, Kansas, and Oklahoma;

16. That as to Topic #11, the Defendant objects to Topic #11 as being overly broad in temporal scope, geographically, and in types of material sought, unduly burdensome, seeks irrelevant information,

10

is vague and ambiguous, and the information requested has no geographical limitation.  Further, Defendant argues that the claim in this case did not involve any catastrophe response.  Lastly, Defendant argues that Topic #11 should be stricken in its entirety.  I find that Defendant's Objections to Topic #11 are **overruled but with limitation**.  The court will allow Plaintiff to ask the Rule 30(b)(6) witness the following initial question:  Whether American Family's Catastrophe Response Program was implicated in its handling of the Villas' claim?  If the Rule 30(b)(6) witness answers no to this question, then no further inquiry will be permitted.  If the Rule 30(b)(6) answers yes, then additional questioning concerning Topic #11 may occur;

17. That as to Topic #12, the Defendant objects to Topic #12 as being overly broad in temporal scope, geographically, and in types of material sought, is overly broad in time frame of five years, unduly burdensome, seeks irrelevant information, is vague and ambiguous, contains compound and multiple subparts, and the information requested is not relevant to Plaintiff's claims.  Further, Defendant argues that the claim in this case does not involve the Appraisal process and also does not involve any reinsurance.  Lastly, Defendant argues that Topic #12 should be stricken in its entirety.  I find that Defendant's Objections to Topic #12 are

11

**sustained**.  The subject claim in the lawsuit does not involve the Appraisal process and also does not involve any reinsurance;

18. That as to Topic #13, the Defendant objects to Topic #13 as being overly broad in temporal scope, geographically, and in types of material sought, unduly burdensome, seeks irrelevant information that is confidential, seeks information that is vague, ambiguous, compound and contains multiple subparts, and the information requested is not relevant to Plaintiff's claims.  Further, Defendant argues that Plaintiff's claims do not involve errors and omissions, and Defendant's corporate liability insurance coverage is not relevant to Plaintiffs' claims.  See Leidholt v. Dist. Court in and for City and County of Denver, 619 P.2d 768, 771 (Colo. 1980).  Lastly, Defendant argues that Topic #13 should be stricken in its entirety.  I find that Defendant's Objections to Topic #13 are **sustained**.  The subject claim does not involve errors and omissions, and Defendant's corporate liability insurance coverage is not relevant to Plaintiff's claims;

19. That as to Topic #14, the Defendant objects to Topic #14 as being overly broad in temporal scope, geographically, and in types of material sought, unduly burdensome, seeks irrelevant information, is vague and ambiguous, and the information requested is confidential and not relevant to Plaintiff's claims.  Further,

        Defendant argues that it does not track compensation paid to vendors, consultants, and experts. Lastly, Defendant argues that Topic #14 should be stricken in its entirety. I find that Defendant's Objections to Topic #14 are **sustained**. I further find that Topic #14 is overly board and unduly burdensome; and

20. That as to Topic #15, the Defendant objects to Topic #15 as being overly broad in temporal scope, geographically, and in types of material sought, unduly burdensome, seeks irrelevant information, is vague and ambiguous, and the information requested is not relevant to Plaintiff's claims. Further, Defendant argues that testimony pertaining to the corporate incentive program has no relationship to whether Defendant acted as a reasonable insurer would under the given circumstances. Lastly, Defendant argues that Topic #15 should be stricken in its entirety. I find that Defendant's Objections to Topic #15 are **overruled** since the testimony sought in Topic #15 is relevant as to the bad faith claims and on the issue of financial motivation. However, the time period for Topic #15 should be limited to January 1, 2010, through December 31, 2012, and the geographical area for Topic #15 should be limited to the states of Colorado, Wyoming, Utah, New Mexico, Kansas, and Oklahoma.

**ORDER**

13

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Defendant American Family Mutual Insurance Company's Motion for Protective Order Regarding Fed. R. Civ. P. 30(b)(6) Deposition of American Family (docket no. 72) is **GRANTED IN PART AND DENIED IN PART**:

    a. The subject motion (docket no. 72) is **GRANTED** as to Topics 12, 13, and 14;

    b. The subject motion (docket no. 72) is **DENIED** as to Topics 1 through 11, inclusive, and Topic 15. However, limitation as to questioning of the Rule 30(b)(6) witness concerning the relevant time period, limitation as geography area, and other limitations and/or required procedures for each of the Topics 1 through 11, inclusive, and Topic 15 are more fully outlined, with particularity, above within the body of this Order. The parties shall follow these limitations during the Rule 30(b)(6) deposition; and

    c. That on or before May 6, 2014, Defendant shall provide to Plaintiff those documents that in Docket No. 76 were ordered by this court to be produced; and

2. That each party shall pay their own attorney fees and costs for this

14

motion.

Done this 24nd day of April 2014.

BY THE COURT

<u>s/Michael J. Watanabe</u>
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE